UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOLLY GEHL, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>OSI RESTAURANT PARTNERS, LLC, et al.,<br><br>    Defendants. | Case No.  13-cv-05961-KAW<br><br>ORDER REGARDING JULY 2, 2014 JOINT DISCOVERY LETTER<br><br>Dkt. No. 37 |

    On July 2, 2014, the parties submitted a joint discovery letter concerning Defendants T-Bird Restaurant Group, Inc. and T-Bird Nevada, LLC ("T-Bird Defendants") responses to Plaintiff Holly Gehl's First Set of Requests for Production and Plaintiffs Holly Gehl, Chris Armenta, and Trent Broadstreet's First Set of Interrogatories. (Joint Letter, Dkt. No. 37.)

    Plaintiffs' first amended complaint alleges that there are "a series of institutionally implemented policies and procedures, across all of California Outback Steakhouse restaurants, which operate to deny employees minimum wage, overtime, and compensation for all hours worked, and also to prohibit or discourage meal breaks." (Joint Letter at 1.)

    Plaintiffs identify the pending discovery dispute as pertaining to Holly Gehl's Interrogatories Nos. 4, 8-11 and 12, Chris Armenta's Interrogatories Nos. 12-19 and 22-25, Trent Broadstreet's Interrogatories Nos. 1-7, 13-16, and Holly Gehl's Request for Production Nos. 10, 31, 36, 41, 46, 51 and 64. (Joint Letter at 1 n. 1.)  The parties, however, do not address these requests individually in their letter, making it impossible for the Court to rule on the specific requests.

    Defendants ask the Court to "limit discovery to those aspects of the merits relevant to making the certification decision on an informed basis." (Joint Letter at 7.)  Thus, Defendants are

seeking to limit pre-class certification discovery on the grounds that Plaintiffs' requests are unduly burdensome. (*See* Joint Letter at 9-10.)

Plaintiffs contend that they are seeking discovery pertaining to putative class members to determine whether the wage and hour practices were restaurant-wide. (Joint Letter at 3-4.) Plaintiffs contend that there are ten representative plaintiffs "prepared to testify about the same restaurant-wide wage theft at five geographically diverse California Outback Steakhouse Restaurants". *Id.* at 4.  For example, Plaintiffs Gehl, Broadstreet, and Ewart are prepared to testify that they were required to arrive early to open their respective restaurants even though the timekeeping system would not allow them to clock-in until their designated shift start. (Joint Letter at 5.)

Defendants argue that due to "the highly individualized nature of plaintiffs' missed break and off-the-clock work claims, plaintiffs' case is not appropriate for statewide class certification." (Joint Letter at 2.)  Defendants' position, however, reinforces Plaintiffs' articulated need to obtain the contact information of putative class members working at other restaurants to show that this was not an isolated practice in a limited number of restaurants.  Indeed, the fact that at least ten employees allegedly experienced the same illegal practices tends to suggest that there may be a restaurant-wide practice.  This is even more likely if, as Plaintiffs' allege, all Outback restaurants use the same timekeeping system.  Thus, at first blush, that Plaintiffs have ten employees who worked at five different restaurants, appears sufficient to obtain the contact information for putative class members employed at additional Outback locations to determine whether the alleged unwritten policies are restaurant-wide versus being confined to those five, identified locations.

The Court notes that the parties entered into a stipulation to conduct limited discovery in May 2013, including sending notices through a third party administrator to nonexempt employees at selected restaurant locations. (*See* Dkt. No. 31.)  The Court encourages the parties to consider a similar solution in regards to putative class members at the remaining California restaurants. Should the parties be unable to reach a solution, they shall file a subsequent joint letter setting forth their positions and how they would propose using a third party administrator to send out notices to some or all of the remaining putative class members.

1    As provided above, the Court is unable to resolve any disputes concerning the specific
2 discovery requests because they were not individually addressed in the joint letter. The parties
3 are, therefore, ordered to meet and confer in good faith to resolve those disputes without further
4 intervention. Should those efforts fail to fully resolve all remaining disputes, the parties shall file
5 another joint discovery letter. The letter must be in the following format to ensure that the parties
6 are addressing the same requests, and are doing so in a manner that facilitates the Court's
7 resolution of the remaining disputes:

**A.   Request for Production No. 7**

[Summarize the issue and reproduce the request.]

Plaintiff's Position

[Plaintiff's position outlining why Defendant's response is deficient and the relief requested.]

Defendant's Position

[Defendant's rationale as to why it has fully responded to the request, etc.]

**B.   Request for Production No. 12**

[Summarize the issue and reproduce the request.]

Plaintiff's Position

[Plaintiff's position outlining why Defendant's response is deficient and the relief requested.]

Defendant's Position

[Defendant's rationale as to why it has fully responded to the request, etc.]

This format should be used for each dispute, and the parties should attach the propounded discovery and the applicable responses as exhibits to the joint discovery letter.

IT IS SO ORDERED.

Dated: August 6, 2014

_____
KANDIS A. WESTMORE
United States Magistrate Judge