1  THEODORE J. BOUTROUS JR., SBN 132099
     tboutrous@gibsondunn.com
2  CATHERINE A. CONWAY, SBN 98366
     cconway@gibsondunn.com
3  JESSE A. CRIPPS, SBN 222285
     jcripps@gibsondunn.com
4  GIBSON, DUNN & CRUTCHER LLP
   333 South Grand Avenue
5  Los Angeles, CA  90071-3197
   Telephone: 213.229.7000
6  Facsimile:  213.229.7520

7  SARAH ZENEWICZ, SBN 258068
   szenewicz@gibsondunn.com
8  GIBSON, DUNN & CRUTCHER LLP
   555 Mission Street, Suite 3000
9  San Francisco, CA 94105
   Telephone:  415.393.8200
10 Facsimile: 415.393-8306

11 Attorneys for Defendants
   BLOOMIN' BRANDS, INC.; OSI RESTAURANT
12 PARTNERS, LLC; OS RESTAURANT SERVICES,
   LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOLLY GEHL, CHRIS ARMENTA, TRENT BROADSTREET, BRITTNI ZACHER, ALEX BURROUGHS, SARA EWART, JAMIE METTER, RAMON PEREZ, SHANNON SPALDING, and RYAN TYSON Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>BLOOMIN' BRANDS, INC.; OSI RESTAURANT PARTNERS, LLC; OS RESTAURANT SERVICES, LLC; T-BIRD RESTAURANT GROUP, INC.; T-BIRD NEVADA, LLC; and DOES 1 through 100, Inclusive,<br><br>Defendants. | CASE NO. 4:13-cv-05961-KAW<br><br>**JOINT STIPULATION AND [PROPOSED] ORDER VOLUNTARILY DISMISSING PLAINTIFFS GEHL, ARMENTA, BROADSTREET, ZACHER, BURROUGHS, EWART, METTER, PEREZ AND TYSON'S CLAIMS AGAINST DEFENDANTS BLOOMIN' BRANDS, INC.; OSI RESTAURANT PARTNERS, LLC; AND OS RESTAURANT SERVICES, LLC WITH PREJUDICE**<br><br>Judge:   The Honorable Kandis A. Westmore |

Gibson, Dunn & Crutcher LLP

JOINT STIPULATION AND [PROPOSED] ORDER VOLUNTARILY DISMISSING PLAINTIFFS' CLAIMS AGAINST THE BLOOMIN' DEFENDANTS WITH PREJUDICE – CASE NO. 4:13-CV-05961-KAW

1   TO THE COURT AND THE CLERK OF COURT, PLEASE TAKE NOTICE THAT
2   plaintiffs Holly Gehl, Chris Armenta, Trent Broadstreet, Brittni Zacher, Alex Burroughs, Sara Ewart,
3   Jamie Metter, Ramon Perez and Ryan Tyson ("Plaintiffs")[1] and Bloomin' Brands, Inc.; OSI
4   Restaurant Partners, LLC; and OS Restaurant Services, LLC (the "Bloomin' Defendants") hereby
5   stipulate that, in exchange for a release by the Bloomin' Defendants to any claims for costs, expenses
6   and attorneys' fees in connection with this action, each Plaintiff through this stipulation and
7   agreement hereby agrees:

    (1)   to dismiss each and every one of such Plaintiff's claims against the Bloomin'
          Defendants in the above-captioned lawsuit in their entirety with prejudice pursuant to
          Federal Rule of Civil Procedure 41(a)(1)(A)(ii),[2] pursuant to which Plaintiffs agree
          and understand that they are forever waiving, releasing and discharging any claims
          that were brought or could have been brought in this action and will not reassert such
          claims;

    (2)   to not bring any claims against the Bloomin' Defendants, or any of their subsidiaries
          or parent companies, that were brought or could have been brought relating to
          minimum wage, unpaid overtime, or off-the-clock gap time claims in this or any other
          jurisdiction, including in the action currently pending in the United States District
          Court, District of Nevada, case number 2:13-cv-01820-JAD-(NJK), entitled *Cardoza,
          et al. v. Bloomin' Brands, Inc., et al*., pursuant to which Plaintiffs agree and
          understand that they are forever waiving, releasing and discharging any claims that

---

[1] Each of the Plaintiffs other than Shannon Spaulding have agreed to this Stipulation and [Proposed] Order. Ms. Spaulding has ceased to communicate with her counsel. Plaintiffs' counsel intends to file a motion to withdraw as her counsel and withdraw Ms. Spaulding as a named Plaintiff in this action. Defendants have agreed not to oppose that motion.

[2] In the instant case where no class is certified, voluntary dismissal by joint stipulation of the parties is proper. Fed. R. Civ. P. 41(a)(1)(A). No court approval is required: "Rule 23(e)(1)(A) resolves the ambiguity in former Rule 23(e)'s reference to dismissal or compromise of 'a class action.' That language could be—and at times was—read to require court approval of settlements with putative class representatives that resolved only individual claims. *See* Manual for Complex Litigation Third, § 30.41. The new rule requires approval only if the claims, issues, or defenses of a *certified class* are resolved by a settlement, voluntary dismissal, or compromise." Fed. R. Civ. P. 23(e)(1)(A) advisory committee's note (emphasis added).

Gibson, Dunn & Crutcher LLP

JOINT STIPULATION AND [PROPOSED] ORDER VOLUNTARILY DISMISSING PLAINTIFFS' CLAIMS AGAINST THE BLOOMIN' DEFENDANTS WITH PREJUDICE – CASE NO. 4:13-CV-05961-KAW

were brought or could have been brought in that action;

(3) that he or she will not apply for employment with or accept employment in any capacity at any restaurant location owned or operated by the Bloomin' Defendants (or any subsidiary thereof);

(4) that each Plaintiff knowingly and voluntarily releases the Bloomin' Defendants from any and all claims, demands, causes of action, complaints or charges, known or unknown, of any kind or character, in tort, in contract, or under any law or statute whatsoever, which each Plaintiff has or might have, and that each Plaintiff waives the provisions of Section 1542 of the California Civil Code (or any analogous state or federal statute), which reads as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR; and

(5) the Bloomin' Defendants agree not to assert any claims against Plaintiffs related to or arising from Plaintiffs' prosecution of this action.

In consideration for the foregoing, Plaintiffs and the Bloomin' Defendants agree that they will each bear their own respective costs, expenses and attorneys' fees in connection with this action.

Dated: September 22, 2014

GIBSON, DUNN & CRUTCHER LLP

By: /s/ *Jesse A. Cripps*
      Jesse A. Cripps
Attorneys for Defendants Bloomin' Brands, Inc.; OSI Restaurant Partners, LLC; OS Restaurant Services, LLC

Gibson, Dunn & Crutcher LLP

2
JOINT STIPULATION AND [PROPOSED] ORDER VOLUNTARILY DISMISSING PLAINTIFFS' CLAIMS AGAINST THE BLOOMIN' DEFENDANTS WITH PREJUDICE – CASE NO. 4:13-CV-05961-KAW

Dated: September 22, 2014

          WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP

          By:   */s/ Eric Levinrad*
                Eric Levinrad
          Attorneys for Plaintiffs

Dated: September 22, 2014

          LATHROP & GAGE LLP

          By:   */s/ Beth Schroeder*
                Beth Schroeder
          Attorneys for Defendants T-Bird Restaurant Group, Inc. and T-Bird Nevada, LLC

**[PROPOSED] ORDER**

**IT IS SO ORDERED.**

Dated: _____
                                                        KANDIS A. WESTMORE
                                                        United States Magistrate Judge

Gibson, Dunn & Crutcher LLP

3

JOINT STIPULATION AND [PROPOSED] ORDER VOLUNTARILY DISMISSING PLAINTIFFS' CLAIMS AGAINST THE BLOOMIN' DEFENDANTS WITH PREJUDICE – CASE NO. 4:13-CV-05961-KAW

**DECLARATION OF FILER PURSUANT TO CIVIL LOCAL RULE 5-1(i)**

I attest that concurrence in the filing of this stipulation has been obtained from each of the other Signatories to this filing, as that term is defined in Civil Local Rule 5-1(i).

Dated: September 22, 2014

                                           GIBSON, DUNN & CRUTCHER LLP

                                           By:  /s/ *Jesse A. Cripps*
                                                           Jesse A. Cripps
                                                           Attorneys for Bloomin' Brands, Inc.; OSI Restaurant Partners, LLC; OS Restaurant Services, LLC

Gibson, Dunn & Crutcher LLP

4

JOINT STIPULATION AND [PROPOSED] ORDER VOLUNTARILY DISMISSING PLAINTIFFS' CLAIMS AGAINST THE BLOOMIN' DEFENDANTS WITH PREJUDICE – CASE NO. 4:13-CV-05961-KAW