DON SPRINGMEYER
  dspringmeyer@wrslawyers.com
BRADLEY S. SCHRAGER (Admitted *Pro Hac Vice*)
  bschrager@wrslawyers.com
JUSTIN JONES (SBN 218217)
  jjones@wrslawyers.com
WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP
3556 E. Russell Road, Second Floor
Las Vegas, Nevada 89120
Telephone:  (702) 341-5200
Facsimile:   (702) 341-5300

MATTHEW OSTER (SBN 190541)
  moster@wrslawyers.com
ERIC LEVINRAD (SBN 169025)
  elevinrad@wrslawyers.com
RICARDO ROZEN (SBN 279151)
  rrozen@wrslawyers.com
WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP
11400 West Olympic Boulevard, 9th Floor
Los Angeles, California 90064-1582
Telephone:  (310) 478-4100
Facsimile:   (310) 479-1422

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| HOLLY GEHL; CHRIS ARMENTA; et al. each on behalf of himself/herself, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>T-BIRD RESTAURANT GROUP, INC., a California corporation; T-BIRD NEVADA, LLC, a Nevada Limited Liability Company; and DOES 1 through 100, Inclusive,<br><br>Defendants. | Case No. 4:13-cv-05961-KAW<br><br>[Judge Kandis A. Westmore]<br><br>CLASS ACTION<br><br>**[AMENDED PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date:  August 20, 2015<br>Time: 11:00 a.m.<br>Courtroom: 3<br><br>Complaint filed November 8, 2013 |

1   This matter came on for hearing on August 20, 2015 at 11 a.m., in Courtroom 3 of the above-captioned Court on Plaintiffs' Motion for Order Granting Preliminary Approval of Class Action Settlement, Approval of the Class Notice and Setting of the Final Approval Hearing.

The Court, having fully reviewed the Motion for Order Granting Preliminary Approval of Class Action Settlement, the supporting Memorandum of Points and Authorities and Supporting Declarations filed in support thereof, the Stipulation of Settlement, proposed Notice of Class Action Settlement and Claim Form attached as an exhibit to the Stipulation of Settlement, and having carefully analyzed the Stipulation of Settlement and the proposed Notice of Class Action Settlement and Claim Form, and in recognition of the Court's duty to make a preliminary determination as to the reasonableness of any proposed class action settlement, and if preliminarily determined to be reasonable, to ensure proper notice is provided to all members of the Class in accordance with due process requirements, and to set a Final Fairness / Approval Hearing to consider the proposed settlement as to the good faith, fairness, adequacy and reasonableness of any proposed settlement, **THE COURT HEREBY MAKES THE FOLLOWING DETERMINATIONS AND ORDERS**:

1.  The Court conditionally finds that, for the purposes of approving this Settlement only, the proposed Settlement Class meets the requirements for certification under Rule 23 of the Federal Rules of Civil Procedure, in that: (a) the proposed Settlement Class is ascertainable and so numerous that joinder of all members of the class is impracticable; (b) there are questions of law or fact common to the proposed Settlement Class, and there is a well-defined community of interest among members of the proposed Settlement Class with respect to the subject matter of the litigation; (c) the claims of the proposed Class Representatives are typical of the claims of the members of the proposed Settlement Class; (d) the proposed Class Representatives have and will fairly

1  and adequately protect the interests of the proposed Settlement Class; (e)
2  questions of law or fact common to members of the Settlement Class
3  predominate over any questions affecting only individual class members; (f) a
4  class action is superior to other available methods for an efficient adjudication of
5  this controversy in the context of settlement; and (g) Class Counsel are qualified
6  to serve as counsel for the proposed Class Representative and proposed
7  Settlement Class and will adequately protect their interests.
8       2.   If the Settlement does not become final for any reason, the fact that
9  the Parties were willing to stipulate to class certification as part of the
10 Settlement shall have no bearing on, and will not be admissible in connection
11 with, the issue of whether a class in this action should be certified in a non-
12 settlement context.  The Court's findings are for purposes of conditionally
13 certifying a Settlement Class and will not have any claim or issue or evidentiary
14 preclusion or estoppel effect in any other action against the Released Parties, or
15 in this litigation if the Settlement is not finally approved.
16      3.   The Court now finds on a preliminary basis that the Stipulation of
17 Settlement, attached to the Declaration of Matthew Oster as Exhibit "1",
18 incorporated herein by this reference in full and made a part of this Order of
19 Preliminary Approval, appears to be within the range of reasonableness of a
20 settlement which could ultimately be given final approval by this Court.
21      4.   It further appears to the Court on a preliminary basis that: (a) the
22 proposed Settlement amount is fair and reasonable to the Settlement Class
23 Members when balanced against the probable outcome of further litigation in
24 relation to certification of the class, liability, damages issues and potential
25 appeals; (b) significant investigation, formal and informal discovery, research,
26 and litigation have been conducted such that counsel for the Parties at this time
27 are able to reasonably evaluate their respective positions; (c) settlement at this
28 time will avoid substantial costs, delay and risks that would be presented by the

1  further prosecution of the litigation; and (d) the proposed Settlement has been
2  reached as the result of intensive, serious and non-collusive negotiations
3  between the Parties facilitated by an experienced wage and hour mediator.
4      5.    Accordingly, good cause appearing, the Motion for Order Granting
5  Preliminary Approval of Class Action Settlement is hereby GRANTED, and as a
6  part of said preliminary approval, the Court hereby accepts and incorporates the
7  Stipulation of Settlement.  For purposes of this Settlement only, the Settlement
8  Class is defined as follows:

> All current and former non-exempt employees who worked at any time at one or more of the 63 Outback Steakhouse restaurants in California[1] from November 8, 2009 to the date the Preliminary Approval Order is entered by the Court who do not timely opt-out pursuant to the process provided in the Preliminary Approval Order.

13      6.    The Court further finds that the proposed class notice, "Notice of
14  Class Action Settlement" and "Claim Form" which are attached to this order as
15  Exhibits "A" and "B", respectively, fairly, plainly and adequately advises

---

[1] The 63 Outback Steakhouse restaurants are as follows:  Almaden Steakhouse LP, Arcadia Steakhouse LP, Bakersfield Steakhouse LP, Brea Steakhouse LP, Buena Park Steakhouse LP, Burbank Steakhouse LP, Campbell Steakhouse LP, Chico Steakhouse LP, Clairemont Steakhouse LP, Corona Steakhouse LP, Covina Steakhouse LP, Cupertino Steakhouse LP, Daly City Steakhouse LP, Dublin Steakhouse LP, El Cajon Steakhouse LP, Elk Grove Steakhouse LP, Foothill Ranch Steakhouse LP, Fremont 880 Steakhouse LP, Fresno Steakhouse LP, Garden Grove Steakhouse LP, Glendale Steakhouse LP, Golden Gate Steakhouse LP, Great (Milpitas) Steakhouse LP, Irvine Steakhouse LP, La Mesa Steakhouse LP, Laguna Hills Steakhouse LP, Lakewood Steakhouse LP, Long Beach Steakhouse LP, Mission Valley Steakhouse LP, Modesto Steakhouse LP, Moreno Valley Steakhouse LP, Newport Steakhouse LP, Northridge Steakhouse LP, Norwalk Steakhouse LP, Oceanside Steakhouse LP, Ontario Steakhouse LP, Oxnard Steakhouse LP, Palm Desert Steakhouse LP, Palmdale Steakhouse LP, Pinole Steakhouse LP, Pittsburg Steakhouse LP, Pleasant Hill Steakhouse LP, Poway Steakhouse LP, Puente Hills Steakhouse LP, Redding Steakhouse LP, Rohnert Park Steakhouse LP, Roseville Steakhouse LP, Sacramento I Steakhouse LP, Sacramento II Steakhouse LP, Salinas Steakhouse LP, San Bernardino Steakhouse LP, San Mateo Steakhouse LP, Santa Barbara Steakhouse LP, South San Diego Steakhouse LP, Stockton Steakhouse LP, Temecula Steakhouse LP, Thousand Oaks Steakhouse LP, Torrance Steakhouse LP, Upland Steakhouse LP, Vacaville Steakhouse LP, Valencia Steakhouse LP, Victorville Steakhouse LP, Westminster Steakhouse LP.

Settlement Class Members of (a) the pendency of the Class Action, (b) preliminary Court approval of the proposed Settlement; (c) the date of the Final Fairness / Approval Hearing; (d) the terms of the proposed Settlement and the benefits available to Settlement Class Members thereunder, (e) the right to make a claim for his or her proportional share of the settlement proceeds and procedure and deadline for doing so, (f) the amount he or she can expect to receive if they choose to participate in the Settlement; (g) the right to object to the settlement and procedure and deadline for doing so; (h) the right to request exclusion and procedure and deadline for doing so; and (i) the right to file documentation in support of or in opposition to, and to appear in connection with, said hearing.  The Court further finds that the Notice and Claim Form clearly comport with all constitutional requirements, including those of due process.

      7.     Accordingly, good cause appearing, the Court hereby APPROVES the Notice of Class Action Settlement and the Claim Form.

      8.     The Court further finds that the mailing to the last known address of Settlement Class Members as specifically described within the Stipulation of Settlement, with measures taken for verification of an address and skip tracing set forth therein,  and, in the case of mailings returned as undeliverable with no such mailing resending such mailings to the current address listed with the National Change of Address Database or obtained as a result of skip-tracing, constitutes an effective method of notifying Settlement Class Members of their rights with respect to the class action and the settlement.   Accordingly, it is hereby ORDERED that:

      a.     Simpluris, Inc. ("Settlement Administrator") be appointed the Settlement Administrator to administer the settlement of this matter as more specifically set forth in the Stipulation of Settlement;

b.     The law firm of Wolf Rifkin Shapiro Shulman & Rabkin, LLP, be appointed Class Counsel;

c.     Plaintiffs Holly Gehl, Chris Armenta, Trent Broadstreet, Alex Burroughs, Sara Ewart, Jamie Metter, Ramon Perez, Ryan Tyson, Bryan Hwee, Lauren Ruiz, Melchor Ruiz, Heather Buller, Faustino Reyes, Arnulfo Rodriguez, Kristen Loob, and Myla Smith be appointed as the Class Representatives.

d.     On or before **November 2, 2015** [*35 days following entry of Court's Order*] Defendants shall transmit to the Settlement Administrator in a readable, ready to use electronic Excel format spreadsheet, a list containing the following information for each Settlement Class Member: (1) name, (2) last known address, (3) last known telephone number, if available, (4) social security number, (5) data indicating the dates and locations worked through **September 28, 2015** [date Court grants preliminary approval] ("Class Data List") for each Settlement Class Member.

e.     On or before **November 17, 2015** [*15 days after receipt of the Class Data List]* the Settlement Administrator shall mail the Notice of Settlement, the Claims Form, and the Exclusion Letter (collectively "Notice Packet") via First-Class mail using the United States Postal Service ("U.S. Postal Service") to the most recent address known for each Settlement Class Member.  Before mailing the Notice of Settlement, and to the extent practicable, the Settlement Administrator shall review the national change of address registry for all Settlement Class Members and/or skip trace to determine the most up-to-date addresses for all Settlement Class Members.  Upon the receipt of any mailings to class members which are returned to the Settlement Administrator as "undelivered," with no forwarding address, the Settlement Administrator,

will access the National Change of Address Database maintained by the United States Postal Service to attempt to find a current address for such class member, and, will resend the returned notice to the current address reflected on the National Change of Address Database. If no more current address is reflected on the National Change of Address Database than had been provided to the Settlement Administrator by Defendants, the Settlement Administrator will conduct a skip trace search for such class member, using the databases maintained by the three major credit bureaus (Transunion, Experian, and Equifax) in an effort to find a current address for such class member. The Settlement Administrator will then resend the mailing to such class member at the most current address obtained as a result of such skip trace search. If no more current address is obtained through such skip traces than was provided to the Settlement Administrator by Defendants, the Settlement Administrator will report to the parties that such mailing was undeliverable.

  f. The Settlement Administrator shall also set up and maintain a website containing: (1) the information about the Settlement set forth in Exhibit C; (2) links to the following documents: (i) Notice of Class Action Settlement; (ii) Claim Form; (iii) Stipulation of Settlement; and (iv) this Order Granting Preliminary Approval of Class Action Settlement; (3) a link to an online version of the Claim Form containing the information set forth in Exhibit D and which permits class members to complete and submit their claim forms to the Settlement Administrator online.

  g. Defendants shall post information about the proposed Settlement and claims process at the California Outback Restaurants in the form attached as Exhibit F to the Stipulation of Settlement, and will make generic request for claims forms available in the California Outback Restaurants in the form attached as Exhibit G to the Stipulation of

Settlement readily available to Settlement Class Members upon request at each of the California Outback restaurants.

      h.    On or before **December 4, 2015**, [31 *days prior to the Claims deadline]*, Plaintiffs' counsel shall file a motion for attorney's fees, setting such motion for hearing on the same date and time as the Final Fairness / Approval Hearing.

      i.    On or before **December 15, 2015**, [*20 days prior to the Claims deadline]*, the Settlement Administrator shall mail a postcard to all members of the Settlement Class, who have not by that date, returned a Claim Form, or a request to be excluded, of the deadline to submit a Claim Form.

      j.    On or before **January 4, 2016** [*45 days following initial mailing of the Class Notice],* Claim Forms must be postmarked and returned to the Settlement Administrator.

      k.    On or before **January 4, 2016** [*45 days following initial mailing of the Class Notice],* any Class Member who wishes to dispute or challenge the employment information upon which their payment is based, must be postmarked and returned to the Settlement Administrator.

      l.    On or before **January 4, 2016**, [*45 days following the initial mailing of the Class Notice*] objections to the Settlement in the manner set forth in the Notice of Class Settlement must be postmarked and returned to the Settlement Administrator and also served on Counsel for the Parties. Class Members who have not timely filed and/or served written objections in the manner specified in the Notice of Class Action Settlement shall be deemed to have waived any objections, shall be foreclosed from making any objection to the settlement, and shall not be heard at the Final Approval Hearing.

      m.      On or before **January 4, 2016**, [*45 days following the initial mailing of the Class Notice*], where a Class Member has submitted an objection submitted in accordance with the Notice of Class Settlement and the preceding paragraph, such a Class Member may also be heard at the Final Approval Hearing if they have provide written notice of their intention to appear at the Final Approval Hearing which is postmarked and returned to the Settlement Administrator and served on Counsel for the Parties.

      9.      IT IS FURTHER ORDERED that the Final Fairness / Approval Hearing and the hearing on Plaintiffs' Attorneys' Motion for an Award of Attorneys' Fees shall be held before the undersigned on **February 18, 2016** at 11:00 a.m., in Courtroom 4 of the United States District Court for the Northern District of California, 1301 Clay Street, 3rd Floor, Oakland, CA 94612 to consider the fairness, adequacy and reasonableness of the proposed Settlement preliminarily approved by this Order of Preliminary Approval, and to consider the requests for the Class Representative's Service Payments, Settlement Administration payment and for Class Counsel's Attorneys' fees and costs payments.  All briefs and materials in support of an Order of Granting Final Approval and Entering Judgment shall be filed with this Court on or before January 20, 2016.

      10.      IT IS FURTHER ORDERED that if for any reason the Court does not execute and file an Order Granting Final Approval, the Stipulation of Settlement and the proposed Settlement that is the subject of this Order, and all evidence and proceedings had in connection therewith, shall be without prejudice to the status quo ante rights of the Parties to the litigation, as more specifically set forth in the Stipulation of Settlement, and this Order shall be rendered null and void and shall be vacated.

11. IT IS FURTHER ORDERED that pending further order of this Court, all proceedings in this matter except those contemplated herein and in the Stipulation of Settlement are stayed.

The Court expressly reserves the right to adjourn or continue the Final Fairness / Approval Hearing from time to time without further notice to Class Members.

IT IS SO ORDERED.

Dated: September 28, 2015

*Kandis Westmore*
KANDIS A. WESTMORE
United States Magistrate Judge